FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 22 2019

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

GEORGE MILLER                                               PLAINTIFF

vs.                         CASE NO. 2:19-cv-57-DPM

DERRICK TIMES, INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS A POLICE OFFICER FOR THE CITY OF
CLARENDON; OFFICER SCOTTIE WHITCOMB, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER
FOR THE CITY OF CLARENDON                       DEFENDANTS

This case assigned to District Judge Marshall
and to Magistrate Judge Volpe

**COMPLAINT**

Comes the Plaintiff, **GEORGE MILLER**, by and through counsel, **SUTTER & GILLHAM, P.L.L.C.**; and, for his Complaint, he states:

**PARTIES AND JURISDICTION**

1. Plaintiff is a resident and citizen of Monroe County, Arkansas, who brings this action for deprivation of his state and federal constitutional rights, as allowed by 42 US 1983 and the Arkansas Civil Rights of 1993. The individual Defendants are sued in their official and individual capacity for violating Plaintiff's state and federal constitutional right to be free from unreasonable search and seizure and for procedural due process. Accordingly, this Court has federal question subject matter jurisdiction under 28 USC 1331, and venue is proper under 28 USC 1391(b). This Court has supplemental jurisdiction over Plaintiff's state claims under 28 USC 1367. This court has personal jurisdiction over the parties. All actions were taken under color of law

1

## GENERAL ALLEGATIONS OF FACT

2. In January of 2019, Officer Times was notified that Plaintiff had allegedly driven his vehicle to the Mad Butcher and parked in a handicap zone without proper identification or decal.

3. However, Defendants did not see Plaintiff driving.

4. Nonetheless, after Plaintiff arrived home, Defendants came to his home and threatened to tow his vehicle without due process and without probable cause.

5. Plaintiff protested. Then, after Plaintiff protested, both Defendants notified Plaintiff that he was under arrest for disorderly conduct and seized Plaintiff's vehicle.

6. Defendants seized the vehicle because they were acting in accordance with City policy or the City failed to train its police officers.

## COUNT I 4th Amendment/1st Amendment

7. Plaintiff realleges the foregoing as if more fully set out herein.

8. During the process of arrest, both officers used more force than was reasonably necessary to effectuate the arrest in violation of the rights granted the Plaintiff by the 4th Amendment and the ACRA, thereby causing Plaintiff to fracture a rib and tear a rotator cuff

9. Indeed, Plaintiff is an 86-year old Korean War veteran who was simply invoking his right to due process under the 5th Amendment U.S. Constitution, as applied to the states by the 14th Amendment of the U.S. Constitution, which was Plaintiff's First Amendment right. Had Plaintiff not exercised his 1st Amendment right, Plaintiff would not have been seized.

10. During the process of arresting Plaintiff, both officers fractured Plaintiff's ribs and tore his rotator cuff, causing Plaintiff unnecessary emotional distress, pain and causing him to incur medical bills, now and in the future.

## COUNT II

11. Plaintiff realleges the foregoing as if more fully set out herein.

12. Because they had not been trained, Defendants did not know that it was inappropriate to tow Plaintiff's vehicle under these circumstances, as recognized by *Soldal vs. Cook County*.

13. Indeed, Defendants contacted their superior, and, their superior, the Chief of Police, instructed the officers to tow the vehicle. The Chief of Police is a policy maker for these purposes for the city. Accordingly, the city has obviously failed to train these officers and has ratified their conduct.

14. So, after Plaintiff was arrested, he was taken to the jail, where he was immediately released to the custody of his son.

15. By virtue of the facts alleged herein, Defendants have violated Plaintiff's clearly established constitutional rights to be free from unreasonable search and seizure because the city failed to train these officers and police chief.

15. The individual Defendants should be held liable for punitive damages.

16. By virtue of the facts alleged herein, Plaintiff had a property interest in this vehicle.

17. Here, Plaintiff protested the seizure of his vehicle, and Defendants retaliated against him by using unreasonable force to effectuate the arrest.

18. By virtue of the facts alleged herein, the Defendants have violated Plaintiff's right to procedural due process allowed him under the Arkansas Constitution, as well as the 5th and 14 Amendments to the U.S. Constitution.

19. Defendants towed Plaintiff's vehicle because they had not been trained by the city.

20. As a direct and proximate cause of Defendants' actions and omissions alleged herein, Plaintiff's vehicle was converted, he incurred a tow bill, and has incurred other damages in an amount to be proven at trial.

21. Defendants' actions have been so egregious as to warrant the imposition of punitive damages.

22. Plaintiff seeks a trial by jury.

## COUNT III

23. Plaintiff realleges the foregoing against the City as if more fully set out herein.

24. The City is an entity subject to the FOIA. Through counsel, Plaintiff made an FOIA request to the Mayor to review the City's training and personnel records for its police officers, as well as video from the law enforcement officers.

25. The City did not respond within 3 days of the request.

26. The City's untimely response is attached as Exhibit "A."

27. This Court should hold an expedited hearing and order the City to comply with the FOIA.

**WHEREFORE**, Plaintiff prays for appropriate compensatory and punitive damages exceeding One Hundred Thousand Dollars ($100,000.00); for reasonable attorneys' fees; for costs; trial by jury; and, all other just and proper relief.

Respectfully submitted,

**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501/315-1910 Office
501/315-1916 Facsimile
Attorneys for the Plaintiff

By:   /s/ Lucien R. Gillham
      Lucien R. Gillham, Esq. ARBN 99-199
      lucien.gillham@gmail.com

By:   /s/ Luther Oneal Sutter
      Luther Oneal Sutter, Esq., ARBN 95-031
      luther.sutterlaw@gmail.com